# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 832 | DATE | 10/21/2002 |
| CASE TITLE | 3D Exhibits, Inc. vs. Merchantwired LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

3D Exhibits, Inc.'s Motion for Summary Judgment on Counts I and III of the complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, 3D Exhibit's motion for summary judgment against Merchantwired on Count I of the complaint is granted. The remaining counts of the complaint are dismissed. 3D Exhibits is awarded $116,476.18 in damages and $7,135.40 in prejudgment interest. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | CV | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3D EXHIBITS, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) No. 02 C 832 |
| v. | ) ) HONORABLE DAVID H. COAR |
| MERCHANTWIRED, LLC, | ) ) |
| Defendant. | ) |

**DOCKETED**
**OCT 2 3 2002**

MEMORANDUM OPINION AND ORDER

On December 26, 2001, 3D Exhibits, Inc.("plaintiff" or "3D Exhibits") filed a four count complaint against Merchantwired, LLC ("defendant" or "Merchantwired") in the Circuit Court of Illinois alleging breach of contract (Count I), account stated (Count II), vexatious delay (Count III), and quantum meruit/unjust enrichment (Count IV). 3D Exhibits is an Illinois corporation. Merchantwired, a Delaware corporation, removed the case to this court on the basis of diversity of citizenship. Before this court is plaintiff's motion for summary judgment on Counts I and III of the Complaint. The defendant did not file a response to plaintiff's motion. For the reasons set forth below, 3D Exhibits' motion for summary judgment on Count I is granted.

I.  **Factual Background**

On or about May 14, 2001, defendant entered into an agreement with the plaintiff for trade show exhibit property and services for the Retail Systems 2001 trade show. The price of the services on the invoice was estimated at $108,600, with $54,300 due in advance. The terms of the contract stated that field services would be billed separately on an additional invoice. The

-1-

19

defendant paid the $54,300 advance payment. On or about June 15, 2001, defendant entered into an agreement with plaintiff for additional trade show and exhibit property and services for the Retail Systems 2001 trade show. The price of the services on the invoice totaled $13,850. Both the May and June agreements were signed on behalf of defendant by Cameron Cole, a vice president of defendant. On June 26, 2001, 3D Exhibits sent defendant an invoice requesting the second progress payment of $54,300. On July 17, 2001, Cameron Cole sent 3D Exhibits a letter thanking them for the outstanding job they did at the Retail Systems 2001 show. On July 31, 2001, 3D Exhibits sent another invoice detailing the properties and services provided. The price of services on the invoice totaled $169,814.64, and reflected the defendant's payment of $54,300. On August 17, 2001, 3D Exhibits billed the defendant for additional freight contracted on the show site which totaled $961.54. The total amount due from all the invoices, after the $54,300 payment, is $116.476.18.[1]

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences

---

[1] The plaintiff also submitted an invoice (A-643) for a custom sign. The price of the sign was $5,840.00. However, the invoice states that the sign was sold to Corporate Business Systems in Littleton, CO. All of the rest of the invoices state that they were sold to Merchant Wired and list Cameron Cole's name. Plaintiff has not shown any connection between Corporate Business Systems in Littleton, CO and Merchant Wired. Thus, the invoice will not be included.

drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511.

### III. Discussion

3D Exhibits moves for summary judgment against Merchantwired for breach of contract. To prove breach of contract a plaintiff must show that: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff performed under the contract; (3) the defendant did

not perform under the contract; and (4) damages resulted. T.L. Swint Industries, Inc. v. Premiere Sales Group, Inc., 16 F.Supp.2d 937 (N.D. Ill. 1998) (citing Berry v. Oak Park Hosp., 256 Ill. App. 3d 11, 628 N.E.2d 1159, 1165, 195 Ill. Dec. 695, 701 (1st Dist. 1993)).

In this case, it is undisputed that Merchantwired entered into the agreements for trade show and exhibit property and services for the Retail Systems 2001 trade show. The agreement specifically provided that Merchantwired would be later billed for field services. Merchantwired has not shown that the amount billed was unreasonable for the services provided. Cameron Cole sent the plaintiff a letter commending the work performed and thus it is clear that the plaintiff performed its duties under the contract. The defendant did not pay the full amount for the services provided by the plaintiff and has not presented any valid excuse for its failure to do so. 3D Exhibits has been damaged in the amount of $116,476.18 by the defendant's failure to pay.

3D Exhibits argues that it is entitled to prejudgment interest.[2] The Illinois Interest Act, 815 ILCS 205/2, provides in relevant part that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing * * *." A written contract is a "written

---

[2]3D Exhibits prefaces its claim for prejudgment interest on Merchantwired's vexatious delay of payment. In order to collect interest on a theory of unreasonable and vexatious delay, the evidence must show that the debtor had thrown obstacles in the way of collection or by some circumvention or management of his own had induced the creditor to delay taking proceedings to collect the debt longer than he would have otherwise done, or such claimant must establish conduct on the part of his opponent which is tantamount to fraud. 601 W. 81st St. Corp. v. City of Chicago, 129 Ill. App.3d 410 (Ill. App. Ct. 1984). However, in an action to recover interest on a written instrument, the creditor need not prove that payment was delayed unreasonably and vexatiously in order to be awarded prejudgment interest. Kubinski & Sons v. Dockside Dev. Corp., 33 Ill. App.3d 1015 (Ill. App. Ct. 1975). Thus, this Court need not decide plaintiff's vexatious delay claim (Count III) in order to grant plaintiff full relief.

instrument" within that statute if it contains some price provisions so that the amount due under the contract will be fixed or determinable, and as long as it is due in the sense that a debtor-creditor relationship has come into being. Fabe v. Facer Ins. Agency, Inc., 773 F.2d 142, 147 (7th Cir. 1985). The contract between 3D Exhibits and Merchantwired contained detailed price provisions. The amount due, $116,476.18, is readily ascertainable and there was no reasonable dispute among the parties. Accordingly, 3D Exhibits is entitled to prejudgment interest from the date upon which the last invoice was sent to Merchantwired, July 31, 2001. That invoice was marked "Payable upon receipt." The interest, at five per centum, is $7,135.40.

## Conclusion

For the foregoing reasons, 3D Exhibits motion for summary judgment on Count I of the complaint (breach of contract) against Merchantwired is granted. The remaining counts of the complaint are dismissed. 3D Exhibits is awarded $116,476.18 in damages and $7,135.40 in prejudgment interest.

Enter:

_____
David H. Coar
United States District Judge

Dated: October 21, 2002